# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:17-cr-00014-MR-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| JOSHUA PARKS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Suppress [Doc. 12]; the Magistrate Judge's Memorandum and Recommendation regarding that motion [Doc. 28]; and the Defendant's Objections to the Magistrate Judge's Memorandum and Recommendation [Doc. 29].

On August 10, 2017, the Honorable Dennis L. Howell, United States Magistrate Judge, conducted an evidentiary hearing on the motion to suppress. On November 14, 2017, the Magistrate Judge issued a Memorandum and Recommendation, recommending that the motion to suppress be denied. [Doc. 28]. The Defendant timely filed Objections to the Memorandum and Recommendation on November 28, 2017. [Doc. 29].

In his Objections, the Defendant argues that the Memorandum and Recommendation should be rejected for two reasons. First, he argues that the Magistrate Judge erred in finding that the officers had probable cause to justify the traffic stop. Second, he argues that the Magistrate Judge erred in finding that the officers had reasonable suspicion to prolong the stop.

With respect to the issue of probable cause necessary to justify the stop, the Defendant specifically takes issue with the Magistrate Judge's refusal to consider certain evidence of wind conditions in the area at the time of the stop, evidence which was presented for the first time in the Defendant's post-hearing brief. [See Doc. 24 at 2]. The Defendant requests that this Court take "judicial notice" of this evidence and find that the wind conditions at the time, along with the narrow and winding nature of the roadway, negate the officers' finding of probable cause to stop the driver for crossing over the center line of the roadway. [Doc. 29 at 5-6].

The Magistrate Judge did not err in refusing to consider the proffered evidence of wind conditions, as it was not presented at the evidentiary hearing on the motion to suppress and no good cause has been shown for the Defendant's failure to present this evidence in a timely manner. Even if the proffered evidence of wind conditions were considered, however, the

2

Court finds that the Magistrate Judge was correct in concluding that under the totality of the circumstances, the officers had probable cause to believe that the driver of the vehicle had committed a traffic violation and was possibly driving under the influence. The Defendant's first objection, therefore, is overruled.

With respect to the issue of the duration of the stop, the Defendant contends that the Magistrate Judge erred in concluding that the traffic stop did not last any longer than was necessary. Specifically, the Defendant argues that the officers were not justified in extending the stop in order to obtain his identification. He further argues that the officers were not justified in prolonging the stop in order to search the vehicle. [Doc. 29 at 7-9].

The Defendant's arguments are without merit. It is well-established that "a simple request for identification from passengers falls within the purview of a lawful traffic stop and does not constitute a separate Fourth Amendment event." United States v. Soriano-Jarquin, 492 F.3d 495, 500 (4th Cir. 2007). As long as the stop is lawful in its inception, "an officer is entitled to some chance to gain his bearings and to acquire a fair understanding of the surrounding scene. Just as the officer may ask for the identification of the driver of a lawfully stopped vehicle . . . ., so he may

request identification of the passengers also lawfully stopped." Id. Thus, the officers did not have to have additional reasonable suspicion in order to request some form of identification from the Defendant. Further, while the Defendant argues that the officers were not justified in searching the vehicle, the Defendant, as a passenger in a vehicle that he did not own, did not have a reasonable expectation of privacy in the space under the passenger seat and therefore lacks standing to oppose the search which revealed the presence of the Defendant's firearm. See United States v. Flowers, 173 F. App'x 240, 242 (4th Cir. 2006) ("A passenger does not have a 'legitimate expectation of privacy in the car' driven by the owner 'such that [the passenger can] raise a Fourth Amendment challenge to a search of the car's interior.'") (quoting United States v. Rusher, 966 F.2d 868, 874 (4th Cir. 1992). For all of these reasons, the Defendant's second objection is also overruled.

Upon conducting a *de novo* review of the Memorandum and Recommendation, the Court finds that the Magistrate Judge's proposed findings of fact are correct and that the proposed conclusions of law are consistent with current case law. Accordingly, the Court hereby overrules

the Defendant's Objections and accepts the Magistrate Judge's recommendation that the Defendant's Motion to Suppress should be denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's Objections to the Magistrate Judge's Memorandum and Recommendation [Doc. 29] are **OVERRULED**; the Magistrate Judge's Memorandum and Recommendation [Doc. 28] is **ACCEPTED**; and the Defendant's Motion to Suppress [Doc. 12] is **DENIED**.

**IT IS SO ORDERED.**

Signed: January 22, 2018

Martin Reidinger
United States District Judge